IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

EZEKIEL J. GLICK,

                        Plaintiff,

    v.

JIM ZIMMERMAN,
TARA HOWARD,
JASON MEISTER,
JORGE PACHECO,
JODY WILHELM,

                        Defendants.

OPINION AND ORDER

25-cv-228-wmc

---

Representing himself, plaintiff Ezekiel J. Glick filed a complaint under 42 U.S.C. § 1983, against several officials employed at the Lincoln County Jail in Merrill, Wisconsin. (Dkt. #1.) Because plaintiff is a prisoner proceeding without prepayment of the filing fee, the court must screen the complaint and dismiss any portion that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks money damages from an immune defendant. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b). The court must accept the complaint's allegations as true and construe them generously, holding the complaint to a less stringent standard than one drafted by a lawyer. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). Even under this lenient standard, the complaint must be dismissed for reasons set forth below, but the court will grant plaintiff an opportunity to amend.

OPINION

Plaintiff alleges that, on "February 10th," he received mail from the "department of Justice" in response to a complaint in an unspecified case in which plaintiff was the victim.

Plaintiff claims that the mail was opened and copied. When plaintiff complained to defendant Jim Zimmerman, he was accused of trying to have "K2" sent into the jail. A week later, defendant Jason Meister opened a letter sent to plaintiff from a "Victim Specialist" with DOJ. On February 20, defendant Jorge Pacheco opened an envelope from the "District Court" containing legal forms. Plaintiff filed a grievance, complaining that opening his "legal mail" violated his right to privacy, but was told that the letters were opened by mistake and that "everyone is human." In another incident, defendant Jody Wilheim made light of plaintiff being a victim of felony battery to an inmate at the Lincoln County Jail.

Federal Rule of Civil Procedure 8(a)(2) provides that a claim for relief must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." The court understands plaintiff to seek relief under 42 U.S.C. § 1983, which requires him to show that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. *D.S. v. E. Porter Cnty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cnty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)).

To begin, plaintiff does not state a claim against Tara Howard, who is named as a defendant, because he does not allege facts showing that she was involved in any way with a constitutional violation. *Minix v. Canarecci*, 597 F.3d 824, 833-34 (7th Cir. 2010) (individual liability under § 1983 requires personal involvement, so plaintiff must allege sufficient facts showing that individual personally caused or participated in constitutional deprivation). In addition, it is true that prisoners have a First Amendment right to send and receive mail, though that right can be limited by restrictions that are "reasonably related to legitimate penological interests." *Van den Bosch v. Raemisch*, 658 F.3d 778, 785 (7th Cir. 2011) (quoting *Turner v.*

*Safley*, 482 U.S. 78, 89 (1987)). Thus, courts have held that officials may open and examine an inmate's mail to ensure that it does not contain contraband. *Kaufman v. McCaughtry*, 419 F.3d 678, 685 (7th Cir. 2005). "Legal mail," such as correspondence between an inmate and his attorney, is entitled to greater protections because of the potential for interfering with an inmate's right of access to the courts. *See Guajardo-Palma v. Martinson*, 622 F.3d 801, 802 (7th Cir. 2010). Plaintiff does not allege that the envelopes were labeled "privileged" or "legal mail" or that his communications involved confidential matters protected by attorney-client privilege. *Id*. at 804 ("Prison officials cannot be certain, just from the return address on an envelope, that a letter is [for] a lawyer . . .[i]f prison officials had to check in each case whether a communication was [for] an attorney before opening it for inspection, a near impossible task of administration would be imposed."). As a result, plaintiff has not stated a claim for interference with his mail. Further, while plaintiff complains that defendant Wilhelm made fun of him, allegations of mere verbal abuse are insufficient grounds for relief under 42 U.S.C. § 1983. *Daniels v. Southfort*, 6 F.3d 482, 484 (7th Cir. 1993); *Patton v. Przybylski*, 822 F.2d 697, 700 (7th Cir. 1987).

        The Seventh Circuit has cautioned against dismissing a self-represented plaintiff's case without giving the plaintiff a chance to amend. *Felton v. City of Chicago*, 827 F.3d 632, 636 (7th Cir. 2016). The court will grant plaintiff a 30-day window to file an amended complaint, preferably on one of the court's approved forms for prisoners filing civil actions or similar form available from the prison law library. To comply with Rule 8, plaintiff must provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused. Plaintiff is advised that any amended complaint will be screened under

3

28 U.S.C. § 1915(e)(2)(B), and that any failure to respond will result in the dismissal of this action without further notice pursuant to Federal Rule of Civil Procedure 41(b).

ORDER

IT IS ORDERED that:

1) Plaintiff Ezekiel J. Glick is DENIED leave to proceed, and his complaint (dkt. #1) is DISMISSED without prejudice, for failure to meet the pleading requirements of Federal Rule of Civil Procedure 8.

2) The clerk's office is directed to provide plaintiff with a prisoner packet containing a civil rights complaint form.

3) Plaintiff has until **March 6, 2026** to file an amended complaint that satisfies the requirements of Federal Rule of Civil Procedure 8. Plaintiff's failure to file an amended complaint by that deadline will result in the court dismissing this action with prejudice for failure to prosecute, pursuant to Federal Rule of Civil Procedure 41(b).

Entered the 4th day of February, 2026.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge